IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARTHA LYNN HOFFMAN                                            PLAINTIFF

v.                   Civil No. 13-2163

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Martha Hoffman, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her application for DIB on April 26, 2011, alleging an onset date of April 4, 2011, due to a lumbosacral spine disorder, bone spurs, bursitis, urinary incontinence, osteoarthritis, cervical spine disorder, depression, and anxiety disorder. Tr. 106-112, 138, 163-164. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 57-59, 63-64. An administrative hearing was held on November 29, 2011. Tr. 19-53. Plaintiff was present and represented by counsel.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 52 years old and possessed a high school education. Tr. 22. She had past relevant work ("PRW") experience as medical uniform sales clerk and a daycare worker. Tr. 23-27, 48-49, 139, 155-162.

On May 24, 2012, the ALJ found Plaintiff's lumbar disk disease and obesity were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 11-12. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform light work. Tr. 12. The ALJ then concluded that Plaintiff could return to her PRW as a daycare attendant and sales attendant. Tr. 15.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on May 6, 2013. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 14, 15.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age,

education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion:**

Of particular concern to the undersigned is the RFC assigned by the ALJ. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

The record makes clear that Plaintiff suffers from a degenerative condition of her lumbar spine and bursitis of her right hip that impacts her ability to stand and walk, stoop, crouch, crawl, bend, and balance. On April 11, 2011, Plaintiff complained of right leg pain from the hip down to the foot. Tr. 211-214, 234-236. Dr. Burks's exam revealed tenderness over the right sciatic notch area radiating into the right lateral thigh and lower leg. Tr. 213. She prescribed Meloxicam and Norco. X-rays revealed multi-level degenerative disc disease and marginal spurring, with moderate to severe symptoms at the Ll-2, L2-3 and L5-Sl levels. Tr. 214, 327.

On April 19, 2011, Plaintiff was treated by orthopedic specialist Dr. Michael Wolfe for back pain that radiated into her right leg and hip. Tr. 207-210, 344. On physical examination, she was markedly tender over the greater trochanter on the right side with a trigger point on the right at the L5-Sl level. Tr. 208. Dr. Wolfe diagnosed Plaintiff with lumbar syndrome super

imposed over degenerative disc disease and bursitis of her right hip. Dr. Wolfe prescribed Mobic and administered an injection of Decadron and Marcaine in the right hip. X-rays of the pelvis and right hip revealed no evidence of fracture or dislocation. Tr. 209, 210.

On May 10, 2011, Plaintiff returned to Dr. Wolfe's office. Tr. 229-230, 343. She indicated that her hip had improved, although she continued to experience some occasional pain in the right leg with scattered numbness. Her back, however, had significantly improved with only "slight" pain reported. An examination revealed a full range of motion in her hips, good alignment, good strength, and good stability. However, tenderness persisted over both greater trochanters with a slight trigger point on right at L5-S1 level. Dr. Wolfe diagnosed Plaintiff with degenerative joint disease in the lumbar spine with mild radicular symptoms. However, he was never asked to complete an RFC assessment.

On May 14, 2011, Dr. David Hicks, a non-examining, consultative doctor completed an RFC assessment. Tr. 221-228. After reviewing Plaintiff's medical records, he determined Plaintiff could perform light work involving only occasional stooping and crouching. This was affirmed by Dr. Ronald Crow on August 1, 2011. Tr. 230-231.

On December 19, 2011, Dr. Ted Honghiran conducted a physical examination of Plaintiff. Tr. 356-357. He noted that she used a cane to walk due to pain in her left knee. An examination revealed an inability to walk on her tiptoes or heels and a limited range of motion in her lumbar spine. Dr. Honghiran concluded that Plaintiff was suffering from degenerative disc disease of the lower lumbar spine, which had been proven by the x-rays performed by Dr. Wolfe. He also opined that she might have bulging discs causing her right leg pain, but since no MRI had been performed (due to her lack of insurance) this was not a definitive diagnosis. Dr. Wolfe

indicated that Plaintiff's prognosis was only fair, and that her leg pain would likely continue. However, he, too, was not asked to complete an RFC assessment of Plaintiff's ability to perform work-related activity.

We note that the only RFC assessment of record indicates that Plaintiff was limited to light work involving only occasional stooping and crouching. And, a review of the objective medical evidence in the record provides support for this assessment. Accordingly, we believe that remand is necessary to allow the ALJ to reevaluate Plaintiff's ability to perform a full range of light work. On remand, the ALJ should obtain RFC assessments from Drs. Honghiran and Wolfe.

IV. <u>Conclusion</u>:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>7th</u> day of April 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)